## UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ATLAS NEUROPHYSIOLOGICAL ASSESSMENT, LLC**, <br><br> Plaintiff, <br><br><br> v. <br><br> **HEALTHCOMP, LLC, and CIGNA HEALTHCARE, INC.,** <br><br> Defendants. | Civil Action No. 25-2665 <br><br> **COMPLAINT TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT** |

**ATLAS NEUROPHYSIOLOGICAL ASSESSMENT, LLC** ("Plaintiff"), by and through its undersigned attorneys, **McCABE LAW GROUP, LLC**, and **CALLAGY LAW, P.C.**, submits this Complaint against **CIGNA HEALTHCARE, INC.** ("CIGNA"), and **HEALTHCOMP, LLC** ("HealthComp") (together, CIGNA and HealthComp, "Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1.    This case arises from Defendants' failure, jointly and severally, to comply with an arbitration award issued against HealthComp under and pursuant to the federal statute known as the **No Surprises Act, 42 U.S.C. §§ 300gg-111,** *et seq*.

2.    Plaintiff, a medical provider specializing in intraoperative monitoring services, rendered covered medical services to Defendants' insureds.

3.    CIGNA, as the primary insurer, and HealthComp, as the third party administrator, have refused and otherwise failed to fully reimburse Plaintiff for the services provided, underpaying the amounts owed under the applicable insurance policies.

4.    Plaintiff subsequently obtained an arbitration award against HealthComp through the arbitration company, **Federal Hearings and Appeals Services, Inc.** (the "Arbitrator"), confirming Plaintiff's right to additional reimbursement and payment.

5.     The arbitration award, issued on May 24, 2024 (the "Award Date"), and attached hereto as **Exhibit A**, reflects the amount awarded for the services provided (set forth in five (5) separate determinations), totaling an aggregate amount of $19,000.00 (the "Arbitration Award").

6.     The Arbitration Award was issued in the name of Dr. John Parker M.D. ("Dr. Parker"), who is a neurologist for and owner of Plaintiff.

7.     To the extent necessary, Dr. Parker has assigned his right, title and interest in the Arbitration Award to Plaintiff who now stands in place of Dr. Parker.

8.     Plaintiff now demands payment of the difference between the Arbitration Award and the amount initially paid by Defendants. Specifically, when accounting for and crediting to Defendants the amount of the initial payment, the outstanding balance due to Plaintiff is **$17,923.41** (the "Unpaid Amount").

9.     Although the Arbitration Award is entered against HealthComp, upon information and belief, CIGNA is fiscally responsible for the payment of the Arbitration Award. *See* **Exhibit B**.

10.     Despite this certain and unequivocal Arbitration Award and the Unpaid Amount, Defendants have not made the required payment of the Unpaid Amount to Plaintiff, necessitating this action to enforce this Arbitration Award and ensure compliance with the law.

11.     Plaintiff has made every reasonable effort to resolve this dispute outside of litigation, including submitting formal written demands to Defendants, engaging in direct outreach to Defendants and seeking assistance from regulatory authorities.

12.     However, Defendants' continued nonpayment of the Unpaid Amount has left Plaintiff with no alternative but to seek this judicial intervention.

13.     Plaintiff respectfully requests that this Court enter an order confirming the Arbitration Award pursuant to 9 U.S.C. § 9, as well as granting appropriate relief, including payment of the

Unpaid Amount and all other outstanding amounts, statutory interest, attorneys' fees and any other relief the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

14.     Plaintiff is a medical practice specializing in intraoperative monitoring services, with its principal place of business at 1819 Jay Ell Drive Richardson, TX 75081.

15.     Defendants are each engaged in providing and/or administering healthcare plans or policies in the Commonwealth of Pennsylvania. CIGNA has offices located in this District at Liberty Place, 50 South 16th Street, Philadelphia, PA 19192, and HealthComp has offices located at 118 W. Airport Road, Lititz, PA 17543.

16.     Jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania as this action is brought pursuant to several federal statutes, including the **No Surprises Act**, 42 U.S.C. §§ 300gg-111, *et seq*., and pursuant to the **Arbitration Act**, 9 U.S.C. § 9, regarding the confirmation of arbitration awards.

17.     Venue is proper under 28 U.S.C. § 1391 because Defendants' principal places of business are located in this District.

## FACTUAL BACKGROUND

### Plaintiff's Efforts to Resolve Payment Disputes Prior to Arbitration

18.     Plaintiff provided medically necessary intraoperative monitoring services to patients insured under health plans issued and administered by Defendants.

19.     After rendering these services, Plaintiff, in the name of Dr. Parker, submitted various claims for reimbursement in accordance with standard industry procedures.

20.     In response, Defendants underpaid Plaintiff for these services, issuing payments that did not reflect fair and reasonable reimbursement.

21.     In an effort to resolve these disputes without litigation, Plaintiff engaged in the open negotiation process as required pursuant to the federal No Surprises Act, providing detailed documentation and attempting to reach an agreement.

22.     However, Defendants either failed to engage in meaningful negotiations and/or failed to provide appropriate adjustments, thereby requiring Plaintiff to initiate an arbitration under and pursuant to the Independent Dispute Resolution ("IDR") process of the federal No Surprises Act.

### Arbitration Award Issued in Plaintiff's Favor

23.     Through the arbitration process of the federal No Suprises Act, the Arbitrator reviewed Plaintiff's claims against Defendants and found in five (5) separate determinations in Plaintiff's favor as set forth in the Arbitration Award (*see* **Exhibit A**).

24.     The Arbitration Award, identified in **Exhibit A** as IDR Reference Number DISP-1221299, confirmed that Defendants' initial payments were insufficient and directed Defendants to pay $19,000.00 (in the aggregate) for the medical services provided.

25.     Plaintiff has received only a partial payment of $1,076.59.

26.     Plaintiff now demands payment of the Unpaid Amount totaling $17,923.41.

27.     Despite the legally binding Arbitration Award, Defendants have refused to comply with their statutorily mandated payment obligation, violating the law and creating financial strain for Plaintiff as well as undermining the effectiveness of the No Suprises Act arbitration process.

### Post-Arbitration Efforts to Obtain Compliance

28.     Following the granting of the Initial Arbitration Award, Plaintiff has taken substantial steps to facilitate Defendants' compliance and secure payment of the Arbitration Award, including:

   a.  Sending formal demand letters outlining Defendants' obligations under federal law;

   b.  Direct outreach to Defendants through phone calls, emails and provider

portals to discuss payment; and

    c.   Filing regulatory complaints with the Centers for Medicare & Medicaid Services in an attempt to resolve the matter administratively.

29.    Despite these efforts, Defendants have not provided payment of the Arbitration Award as required, leaving Plaintiff with no choice but to pursue this judicial enforcement.

## CAUSES OF ACTION

### COUNT ONE

### CONFIRMATION OF ARBITRATION AWARD (9 U.S.C. § 9)

30.    Plaintiff incorporates the allegations set forth above in the preceding paragraphs.

31.    Pursuant to the Arbitration Act, 9 U.S.C. § 9, a prevailing party to an arbitration may apply for an order confirming an arbitration award issued by a federal governing body.

32.    Plaintiff obtained the Arbitration Award, as noted above, pursuant to and through a federal governing body thereby requiring that Defendants, jointly and severally, make full and final payment to Plaintiff.

33.    As noted above, the Arbitration Award was entered against HealthComp, and CIGNA is responsible for the payment of that Arbitration Award on behalf of HealthComp.

34.    Despite their unequivocal legal obligations, Defendants have failed to fulfill their statutory payment responsibilities.

35.    Accordingly, Plaintiff seeks an order from this Court confirming the Arbitration Award and issuing judgment in the amount of the Unpaid Amount in Plaintiff's favor and against Defendants, jointly and severally, plus all attorneys' fees, and other litigation costs and expenses associated therewith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.  Confirm the Arbitration Award (as attached as **Exhibit A**);

2.  Enter judgment against Defendants, jointly and severally, for the Unpaid Amount;

3.  Award statutory damages, penalties and attorneys' fees (as supported by Plaintiff's subsequent submissions); and

4.  Grant any further relief deemed just and appropriate.

MCCABE LAW GROUP, LLC

*/s/ Gerard M. McCabe, Esquire*
Gerard M. McCabe, Esquire, PA I.D. 66564
6172 Argos Drive
Blue Bell, PA 19422
(215) 965-0003 (Main)
(215) 965-0013 (Fax)

**CALLAGY LAW, P.C.**
Jennifer Liniado, Esquire
650 From Road, Suite 240
Paramus, NJ 07652

(TO BE ADMITTED *PRO HAC VICE*)

**ATTORNEYS FOR PLAINTIFF**

Dated: May 23, 2025

# **<u>EXHIBIT A</u>**

Arbitration Award

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1221299

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1221299** and has determined that John Parker M.D. is the prevailing party in this dispute. John Parker M.D. prevailed in 5 out of 5 dispute line items.

### Determination 1

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$5,200.00** offered by John Parker M.D. is the appropriate out-of-network rate for the item or service 95938 on this claim 100-M95-223-DDL213-00 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

John Parker M.D. submitted an offer of  $5,200.00

HealthComp submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, John Parker M.D.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

· Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Determination 2**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$600.00** offered by John Parker M.D. is the appropriate out-of-network rate for the item or service 95927 on this claim 100-M95-223-DDL213-00 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

John Parker M.D. submitted an offer of  $600.00

HealthComp submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |

| | | | |
|---|---|---|---|
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, John Parker M.D.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:


·   Single offer and single fee received


**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**


**Determination 3**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$4,000.00** offered by John Parker M.D. is the appropriate out-of-network rate for the item or service 95861 on this claim 100-M95-223-DDL213-00 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

John Parker M.D. submitted an offer of  $4,000.00

HealthComp submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|
| The level of training, experience, and quality and | | |

| | | | |
|---|---|---|---|
| 1 | outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, John Parker M.D.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:


·   Single offer and single fee received


**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**


**Determination 4**

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$400.00** offered by John Parker M.D. is the appropriate out-of-network rate for the item or service 95937 on this claim 100-M95-223-DDL213-00 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

John Parker M.D. submitted an offer of  $400.00

HealthComp submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, John Parker M.D.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

·   Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

## Determination 5

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$8,800.00** offered by John Parker M.D. is the appropriate out-of-network rate for the item or service 95941 on this claim 100-M95-223-DDL213-00 under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

John Parker M.D. submitted an offer of $8,800.00

HealthComp submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | | |

## Determination Rationale

After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, John Parker M.D.'s offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the services provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

·    Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> **• A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> **• A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that HealthComp had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1221299 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to John Parker M.D. by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1221299 was John Parker M.D.. The initiating party's TIN is ███████3184. The non-initiating party was HealthComp. The 90-calendar day cooling off period begins on May 24, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the [No Surprises website](#) for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# **EXHIBIT B**

CIGNA Health Insurance Claim Forms

(as redacted)

CIGNA PPO

PO BOX 182223
CHATTANOOGA, TN, 374227223
Payer ID: 62308

## HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

| PICA | | | | | | | PICA |
|---|---|---|---|---|---|---|---|

**1.** MEDICARE (Medicare#) | MEDICAID (Medicaid#) | TRICARE (ID#/DoD#) | CHAMPVA (Member ID#) | GROUP HEALTH PLAN (ID#) | FECA BLK LUNG (ID#) | OTHER [X] (ID#)

**1a. INSURED'S I.D. NUMBER** (For Program in Item 1)

**2. PATIENT'S NAME** (Last Name, First Name, Middle Initial)

**3. PATIENT'S BIRTH DATE** MM DD YY    SEX M [X] F

**4. INSURED'S NAME** (Last Name, First Name, Middle Initial)

**5. PATIENT'S ADDRESS** (No., Street)

**6. PATIENT RELATIONSHIP TO INSURED** Self [X] Spouse Child Other

**7. INSURED'S ADDRESS** (No., Street)

CITY    STATE TX

**8. RESERVED FOR NUCC USE**

CITY    STATE TX

ZIP CODE    TELEPHONE (Include Area Code) ( )

ZIP CODE    TELEPHONE (Include Area Code) ( )

**9. OTHER INSURED'S NAME** (Last Name, First Name, Middle Initial)

**10. IS PATIENT'S CONDITION RELATED TO:**

**11. INSURED'S POLICY GROUP OR FECA NUMBER**

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**

**a. EMPLOYMENT?** (Current or Previous) YES [X] NO

**a. INSURED'S DATE OF BIRTH** MM DD YY    SEX M [X] F

**b. RESERVED FOR NUCC USE**

**b. AUTO ACCIDENT?** YES [X] NO    PLACE (State)

**b. OTHER CLAIM ID** (Designated by NUCC)

**c. RESERVED FOR NUCC USE**

**c. OTHER ACCIDENT?** YES [X] NO

**c. INSURANCE PLAN NAME OR PROGRAM NAME**

**d. INSURANCE PLAN NAME OR PROGRAM NAME**

**10d. CLAIM CODES** (Designated by NUCC)

**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?** YES [X] NO    If yes, complete items 9, 9a, and 9d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**
**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED    Signature on File    DATE 12/04/2023

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED    Signature on File

**14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)** MM DD YY    QUAL.

**15. OTHER DATE** QUAL.    MM DD YY

**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** FROM MM DD YY    TO MM DD YY

**17. NAME OF REFERRING PROVIDER OR OTHER SOURCE**    17a.    17b. NPI

**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** FROM MM DD YY    TO MM DD YY

**19. ADDITIONAL CLAIM INFORMATION** (Designated by NUCC)
INADEQUATE NETWORK GAP EXCEPTION & ASSIGNMENT OF BENEFITS ON

**20. OUTSIDE LAB?** YES [X] NO    $ CHARGES 0 00

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY** Relate A-L to service line below (24E)    ICD Ind. 0

A. ___  B. ___  C. ___  D. ___
E. ___  F. ___  G. ___  H. ___
I. ___  J. ___  K. ___  L. ___

**22. RESUBMISSION CODE**    ORIGINAL REF. NO.

**23. PRIOR AUTHORIZATION NUMBER**

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12 04 23 | 12 04 23 | 22 | | 95938 | 26 | ABCDE | 10209 00 | 1 | | NPI | 1386088698 |
| 2 | 12 04 23 | 12 04 23 | 22 | | 95927 | 26 | ABCDE | 3650 00 | 1 | | NPI | 1386088698 |
| 3 | 12 04 23 | 12 04 23 | 22 | | 95861 | 26 | ABCDE | 5375 00 | 1 | | NPI | 1386088698 |
| 4 | 12 04 23 | 12 04 23 | 22 | | 95937 | 26 | ABCDE | 780 00 | 1 | | NPI | 1386088698 |
| 5 | 12 04 23 | 12 04 23 | 22 | | 95941 | 26 | ABCDE | 16000 00 | 2 | | NPI | 1386088698 |
| 6 | | | | | | | | | | | NPI | |

**25. FEDERAL TAX I.D. NUMBER**    SSN EIN [X]

**26. PATIENT'S ACCOUNT NO.**

**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back) [X] YES NO

**28. TOTAL CHARGE** $ 36014 00

**29. AMOUNT PAID** $ 1076 59

**30. Rsvd for NUCC Use**

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

SIGNED    DATE

**32. SERVICE FACILITY LOCATION INFORMATION**
MEDICAL CITY HEART AND SPINE
11990 N. CENTRAL EXPRESSWAY
DALLAS, TX, 75243
a. 1689628984    b.

**33. BILLING PROVIDER INFO & PH #** (888) 344 2947
ATLAS NEUROPHYSIOLOGICAL ASSESSMENT LLC
1819 JAY ELL DR SUITE 100
RICHARDSON, TX, 75081-1837
a. 1407142235    b.

NUCC Instruction Manual available at: www.nucc.org    PLEASE PRINT OR TYPE    OMB APPROVAL PENDING

CARRIER

PATIENT AND INSURED INFORMATION

PHYSICIAN OR SUPPLIER INFORMATION

Bank of America

**SIGNIFY HEALTH LLC**
ADMINISTERED BY HEALTHCOMP LLC
P O BOX 45018
FRESNO  CA  93718

CHECK NO
**21781**

51-57
119

DATE: 01/17/2024

| PT ACCT NO: | CLAIM NO. |
|---|---|
| 0.3240843 | 223-DDL213-00 |

AMOUNT:$****1,076.59

PAY: *** ONE THOUSAND SEVENTY SIX DOLLARS AND 59/100 ***

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

TO THE
ORDER
OF

ATLAS NEUROPHYSIOLOGICAL ASSESSMENT LLC
PO BOX  1782
WALLER TX 77484-1782

Joe C. Nuero
Authorized Signature

---

## HealthComp

PO BOX 45018, FRESNO, CA 93718-5018
Phone: 800.442.7247

DATE: 01/17/2024

### EXPLANATION OF BENEFITS

EMPLOYEE:

GROUP: SIGNIFY HEALTH, LLC
GROUP ID: SIGNIFY
PROVIDER: ATLAS NEUROPHYSIOLOGICAL ASSES

CLAIM: 100-M95-223-DDL213-00
INCURRED: 12/04/2023
PATIENT:
ACCOUNT: 0.3240843
CHECK: 21781

| TREATMENT DATES | SERV CODE | CHARGE AMOUNT | NOT COVERED | REASON CODE | PPO/EPO DISCOUNT | COVERED AMOUNT | DEDUCTIBLE AMOUNT | CO-PAY AMOUNT | PCT | PAYMENT AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| A) 12/04-12/04/23 | 611 | 10209.00 | .00 | 4S | 10147.24 | 61.76 | .00 | .00 | 100 | 61.76 |
| A) 12/04-12/04/23 | 611 | 3650.00 | .00 | 4S | 3608.23 | 41.77 | .00 | .00 | 100 | 41.77 |
| A) 12/04-12/04/23 | 611 | 5375.00 | .00 | 4S | 5255.32 | 119.68 | .00 | .00 | 100 | 119.68 |
| A) 12/04-12/04/23 | 825 | 780.00 | .00 | 4S | 734.22 | 45.78 | .00 | .00 | 100 | 45.78 |
| A) 12/04-12/04/23 | 611 | 16000.00 | .00 | 4S | 15192.40 | 807.60 | .00 | .00 | 100 | 807.60 |
| | | 36014.00 | .00 | | 34937.41 | 1076.59 | .00 | .00 | | 1076.59 |

| | |
|---|---|
| OTHER INSURANCE CREDITS | .00 |
| TOTAL PAYMENT AMOUNT | 1076.59 |
| PATIENT RESPONSIBILITY | .00 |

### SERVICE CODE

611 HCFA COMPLEX DIAGNOSTIC TESTS
825 DIAGNOSTIC SERVICES

### REASON CODE

4S ZLS-DISCOUNT AMOUNT

### MESSAGES

NSA - NO BALANCE BILLING. CALL ZELIS AT 888-266-3053 W/IN 30 DAYS-IDR.



**THIS IS YOUR ONLY COPY.  PLEASE RETAIN FOR YOUR RECORDS.** 1 of 1

# PATIENT DEMOGRAPHIC VERIFICATION FORM

**Patient Name:** ▮▮▮▮▮▮▮  
**Appointment Date & Time:**

**Appointment Provider:**

**Patient ID:** ▮▮▮▮▮▮▮  
**Primary Insurance Copay:**  
**Specialty Copay: (100% pt 11/23 SWSSI)**

| | | **UPDATE INFORMATION BELOW** |
|---|---|---|
| **Responsible Party** | | |
| Name | ▮▮▮▮▮ | |
| Address | ▮▮▮▮▮▮▮▮▮ | |
| Phone Number | ▮▮▮▮▮▮▮▮ | |
| **Patient Information** | | |
| Name | ▮▮▮▮▮ | |
| Mailing Address | ▮▮▮▮▮▮▮ | |
| Alternate/Local Address | | |
| Phone Number | ▮▮▮▮ | |
| Cell Phone Number | ▮▮▮ | |
| Email Address | | |
| Date of Birth | ▮▮▮▮ | |
| Patient Sex | ▮▮▮▮ | |
| Marital Status | Unknown | |
| Age | ▮▮ | |
| Social Security Number | ON FILE | |
| Emergency Name | ▮▮▮▮ | |
| Emergency Phone | ▮▮▮▮ | |
| Preferred Language | | |
| Race: | ❑ American Indian or Alaskan Native   ❑ Asian   ❑ Native Hawaiian or other Pacific Islander<br>❑ Black or African American   ❑ White   ❑ Other Race   ❑ Unreported/Refused to Report | |
| Ethnicity (Cultural Background) | ❑ Hispanic or Latino    ❑ Non-Hispanic or Latino    ❑ Refused to Report | |
| Have you received medical care from any other healthcare provider since your last visit in our office?   ❑ Yes   ❑ No | | |
| **Employer Information** | | |
| Name of Employer | | |
| Employer Address | | |
| Employer Phone Number | | |
| **Health Insurance** | | |
| Primary Insurance Name | CIGNA PPO HEALTHCOMP EPO PLAN | |
| Primary Claim Address | PO BOX 188061, CHATTANOOGA, TN, 374228061 | |
| Primary Phone Number | 800-442-7247 | |
| Primary Policyholder | ▮▮▮ | |
| Primary Subscriber Number | ▮▮▮ | |
| Primary Group Number | | |
| Secondary Insurance Name | | |
| Secondary Subscriber Number | | |
| Secondary Group Number | | |
| **Pharmacy Information** | | |
| Pharmacy Name | ▮▮▮▮▮ | |
| Pharmacy Address | | |
| Pharmacy Phone Number | ▮▮▮ | |

I certify the above demographic and insurance information listed above to be correct. I hereby authorize any insurance benefits to be paid directly to the physician providing services and recognize my responsibility to pay for all non-covered services. I also authorize the physician to release any information necessary to process an insurance claim.

| **X** | **Date** |
|---|---|
| | |

# Eligibility Response

**Inquiry ID:** ████████    **Processed:** 11/29/2023 3:07 PM

**ACTIVE COVERAGE**

## Coverage Details

**User Entered Information**

| Payer | CIGNA (Connecticut General, Equicor, Equitable) | Service Dates | 11/29/2023 to 11/29/2023 |
|-------|--------------------------------------------------|---------------|--------------------------|

**SUBSCRIBER INFORMATION**

Member ID ████████
Date of Birth ████████

**SERVICE TYPES REQUESTED**

30 - Health Benefit Plan Coverage

**Payer Returned Information**

| The following information from the payer system differs from what you submitted |
|---|
| Member ID                    ████████ |

**SUBSCRIBER INFORMATION**

████████
████████
Member ID ████████
Date of Birth ████████
Sex ████

**SUBSCRIBER COVERAGE INFORMATION**

Group or Policy Number ████
Prior Identifier Number 
Eligibility Begin Date ████████

**OTHER COVERAGE INFORMATION**

| Other Coverage |
|---|

Contact Following Entity for Eligibility or Benefit Information

| | |
|---|---|
| **Payer** | HEALTHCOMP WEST |
| **Status** | Payer |
| **Contact Name** | HEALTHCOMP WEST |
| **Phone** | (833) 549-2900 |
| **Service Type** | Health Benefit Plan Coverage |

### General

| | |
|---|---|
| **Plan Date** | 11/29/2023 |
| **Payer Note** | PATIENT HAS ACTIVE COVERAGE BASED ON DATA AVAILABLE AS OF DATE OF REQUEST. CONTACT OTHER ENTITY TO VALIDATE |

### General

| | | |
|---|---|---|
| *Preferred Provider Organization (PPO)* | **Coverage Description** | DENTAL PPO |

# Medical-Network Adequacy Provision (NAP) Exception Request Form



**CLEAR FORM**

This form should be completed by a clinician who has knowledge of the Cigna Customer's current clinical presentation and his/her treatment history. Failure to complete this form in its entirety may result in delayed processing or an adverse determination for insufficient information.

Note: This form should only be used to for **Medical-Network Exception** requests. For other program network exception requests, i.e. behavioral, specialty drugs, etc please call the number on the back of the customer's ID card for direction.

**TIPS FOR COMPLETING THIS FORM:**

- Our regular business hours are Monday – Friday, from 8:00 a.m. – 4:30 p.m. Eastern Time.
- To help expedite this request, please complete sections as specifically and as clearly as possible.
- Omissions, generalities, and illegibility may result in this request being returned for additional information or clarification.
- Typed responses are preferred

* Please note that Cigna assumes no responsibility for the protection of electronically transmitted information prior to its actual receipt of that information. It is your responsibility to take any steps necessary to protect the email or documents prior to receipt by Cigna.

Please save this form to your computer, complete & save the form using Adobe Acrobat Reader DC, then email it to: NAPMedical@Cigna.com (Preferred) or Fax to: **NAP Medical 833-213-9222**

All fields are required.

## Provider and Patient Information

| |
|---|
| **Requesting Health Care (HCP) Provider Name:** |
| ███████████████ |
| **Specialty:** <br> Orthopedic SURGERY |

| **Tax ID Number:** | **NPI Number:** ███████ |
|---|---|

| **Office Information:** | |
|---|---|
| **Contact Person Name:** | |
| ███████████████ | |

| **Street Address:** |
|---|
| ███████████████ |

| **City:** ██████ | **State:** <br> TX | **Zip Code:** <br> █████ |
|---|---|---|
| **County:** <br> USA | **Phone Number:** <br> ( ███ ) ████████ | **Fax Number:** <br> ( ███ ) ████████ |

| **Contact name and phone number for single case negotiation:** |
|---|
| ███████████████ |

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, Cigna Behavioral Health, Inc., and HMO or service company subsidiaries of Cigna Health Corporation. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

© 2021 Cigna. Some content provided under license.

## Patient Information

| | |
|---|---|
| **Cigna ID Number:** ███████ | **Date of Birth:** ██████ |

**Customer Name:**
███████

**Street Address:**
███████

| **City:** ███████ | **State:** TX | **Zip Code:** ████ |
|---|---|---|

| **County:** USA | **Phone Number:** ( ███ ) ████████ |
|---|---|

**Reason for Request:**
Please specify the specialized experience, training or certification in a particular clinical area or patient population the requesting provider possesses that would support the need for an in network exception request.
There are no intraoperative monitoring companies in the network for the patient to choose. The hospital cannot furnish this service. We provide all equipment and supplies. WE ARE REQUESTING AN IN-NETWORK/ NAP EXCEPTION in addition to authorization for services to be performed.

### Past Medical History:

**Primary Diagnosis Code** *(this should be the primary reason for the procedure/visit)*: M47.816

**Primary Diagnosis Description:**

**Secondary Diagnosis Code:**

**Secondary Diagnosis Description:**
M51.26, M54.51, M54.16

**For maternity patients, include the Estimated Due Date:**

**For inpatient procedures, include scheduled date of admission:**

### Service Requested

| Procedure Name: | CPT Code(s): 95861 95868 95885x2 |
|---|---|
| Procedure Name: | CPT Code(s): 95886x2 95907 95908 9590 |
| Procedure Name: | CPT Code(s): 95910 95911 95927 95937 |
| Procedure Name: | CPT Code(s): 95938 95939 95941X2 |
| Procedure Name: | CPT Code(s): A4215x36 A4556x4 |
| Procedure Name: | CPT Code(s): |
| Procedure Name: | CPT Code(s): |
| Procedure Name: | CPT Code(s): |

**Is this a request for a Co-Surgeon** ☐ Yes ☒ No    **Is this a request for an Assistant Surgeon?** ☐ Yes ☒ No

### Additional information:

There are no intraoperative monitoring companies in the network for the patient to choose. The hospital cannot furnish this service. We provide all equipment and supplies Atlas

**Where will this service be performed?**
☐ Home    ☐ Hospital - In patient    ☑ Hospital - Out patient    ☐ Other *(please specify):*

☐ Outpatient-Ambulatory Surgical Center    ☐ Outpatient-HCP's office    ☐ Physician's office –Visit only

## Facility Information

**Facility Name:**
Atlas Neurophysiological Assessment LLC

**Street Address:**
1819 JAY ELL DR STE 100

| **City:** RICHARDSON | **State:** TX | **Zip Code:** 75081 |
|---|---|---|
| **County:** USA | **Phone Number:** ( 469 ) 646-8374 | **Fax Number:** ( 464 ) 718-7739 |

**Tax ID Number:** 45-2493184

## Authorization

| Print HCP signer's name: | ☞ HCP Signature |
|---|---|
| Name of person completing the form: | Date: |

**CLICK TO PRINT**

## Pre-Certification / Insurance Verification Form

Verified By:

**AZARD**

Surgery Date: 12/04/2023

USMON PID: 2936025

Axis Neuromonitoring TX ID 27-4502869//NPI 1093013310
Atlas Neurophysiological Assessment LLC TX ID 45-2493184//NPI 1407142235

**Patient Name:** ███████  **DOB:** 0███  **PT Email:** ███████

Subscriber Name (if different): _____  Sub DOB: _____  **Employer Name:** _____

Relationship to Patient: Spouse ☐ Parent ☐ Other: SELF _____

**Policy ID#:** ███████  Group #: ███████  Plan/Calendar Yr: 01/01/2022 // CALENDER YR

**Insurance Co/Phone #:** CIGNA ███████

**Plan Type:** HMO ☐ PPO ☐ Retail ☑ Other: _____ (Retail: Premiums Paid? Yes ☐ No ☐) To Date: _____

IF HMO, PCP Name: _____  Phone#: _____  Fax#: _____

**Is this plan governed by:** ERISA (Self-Funded) ☑  TDI (Fully-Funded) ☐

**Policy Provision for OON?:** Yes ☑ No ☐ **If yes, what is provision called?** NAP EXCEPTION

**What is timely filing?: INN:** 1 YEAR  **from DOS OON:** 1 YEAR  **from DOS**

Per plan, how are OON Providers Paid?: Medicare Based Rates ☐ Medicaid Based Rates ☐ Details: RECOGNIZED CHARGE

VOB S/W: ███████  Date: 11/29/2023  Reference #: ███████

**MISC ISSUES DURING CALL:** _____

| **In Network Benefits:** | Cross Apply? Yes ☐ No ☑ | **Out of Network Benefits:** |
|---|---|---|
| Deductible $: 3,000.00 / Met $: 3,000.00 | | Deductible $: 5,000.00 / Met $: 3,000.00 |
| Coinsurance: 0 % | | Coinsurance: 30 % |
| OOP Max $: 4,000.00 / Met $: 3,014.21 | | OOP Max $: 10,000.00 / Met $: 3,014.21 |

TOTAL **VOB** CALL TIME: 40MINS  TOTAL **AUTH** CALL TIME:

TOTAL **VOB** HOLD TIME: 10MINS  TOTAL **AUTH** HOLD TIME: 10MINS

Surgeon: ███████

Procedure: ███████  DX's Codes: M51.26, M54.51, M54.16

S/W in PreCert/UM Dept: _____  **UM Ph & Fax #:** 833-213-9222  **AUTH #:** _____

**Additional Notes:** CALLED CIGNA S/W ALEX A, ANA K // CALL REF#486, ANAK11292023// V&B // NPR // TFL 1 YEAR // NAP EXCEPTION FORM AND CLICNIALS HAS BEEN FAXED TO THE RELEVANT DEPARTMENT #8332139222 // AZ/LH

2 HOURS // MEDICAL CITY HEART AND SPINE // ███████

ATLAS - 95861 95868 95885x2 95886x2 95907 95908 95909 95910 95911 95927 95937 95938 95939 95941X2 A4215x36 A4556x4

**MISC ISSUES DURING CALL:** NPR // V&B